U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

NOV 17 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Latiolais, et al.           Civil Action No. 6:14-2583

versus          Judge Richard T. Haik, Sr.

Union Pacific Railroad Co.          Magistrate Judge C. Michael Hill

**ORDER**

Before the Court is a Motion To Remand filed by plaintiffs Leon Keith Latiolais and Linda Castille Latiolais, [Rec. Doc. 12] and defendant, Union Pacific Railroad Company's ("Union Pacific"), opposition thereto [Rec. Doc. 15].

Plaintiffs originally filed this action in the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana as the result of a Union Pacific Railroad Company train derailment in Lawtell, Louisiana on August 4, 2013. *R. 1-1.* Plaintiffs reside and crawfish, both commercially and recreationally, on property adjacent to the train derailment location. On August 22, 2014, Union Pacific filed a Notice of Removal in this action pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332. *R. 1.*

In November, 2013, Union Pacific and plaintiffs entered into a Property Access Agreement (the "Agreement") giving Union Pacific and its contractor, Conestoga-Rivers and Associates ("CRA"), as well as their contractors and subcontractors, limited access to plaintiffs' property to perform the required testing and remediation made necessary by the release of lubricants from the train derailment onto portions of plaintiffs' property. Under the terms of the Agreement, Union Pacific agreed to "repair any and all damages that may occur as a direct or proximate cause of the Project Activities on the Property and of the derailment of August 4, 2013, and to return the Property ... in at least as good order and condition ... to its condition prior to the occurrence/derailment on August 4, 2013." *R. 1-1, ¶II(b).* The Agreement also contains a "Forum Selection" clause which provides:

> Any controversy or dispute arising out of or relating to this Agreement shall be resolved exclusively in a Court of competent jurisdiction in the Parish of St. Landry, State of Louisiana.

*Id.*

Plaintiffs contend that the parties consented to exclusive jurisdiction and venue in state court in St. Landry Parish by virtue of the Forum Selection clause, and therefore, the Court must remand this action to the Twenty-seventh Judicial District Court. Citing a Memorandum Ruling from a different case involving the train derailment in this case, *Champagne v. Union Pacific Railroad Co., et al, 6:14-cv-00766*, Union Pacific argues that the Forum Selection clause does not extend to all of the plaintiffs' claims against Union Pacific, and therefore the motion to remand should be denied.

"Federal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases." *Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 3d 397, 399 (5th Cir.2008). A forum selection provision in a written contract is *prima facie* valid and enforceable unless the opposing party shows that enforcement would be unreasonable. *Kevlin Services, Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir.1995). When assessing the scope of a forum selection clause, "the court should examine the language of the parties' contract(s) to determine which causes of action fall within its scope and are governed by it." *Bancroft Life & Cas. ICC, Ltd. V. FFD Resources II, LLC*, 884 F.Supp.2d 535, 549 (S.D.Tx.2012). Notably, "[w]hether a forum selection clause covers other causes of action depends mainly on how broadly the clause is worded." *Id.*

The Agreement at issue provides that Union Pacific agreed to "repair any and all damages that may occur as a direct or proximate cause of the Project Activities on the Property <u>and of the derailment of August 4, 2013</u>, and to return the Property ... in at least as good order and condition ... to its condition prior to the occurrence/derailment on August 4,

2013." Hence, the plain language of the forum selection clause provides that it is intended to apply to any damages caused by the remediation as well as those caused by the train derailment itself. As stated by plaintiffs, "[a]fter all, but for the derailment, the Access Agreement would not exist." *R. 12.* Moreover, while the petition seeks damages arising from the "result of the train derailment <u>and</u> subsequent efforts of remediation"—the vast majority of the damages specified in the petition are those allegedly caused by the failed remediation.[1] The Court finds that the Forum Selection Clause should be construed broadly, and therefore concludes that the claims raised in this lawsuit arise out of or relate to the Agreement and fall within the scope of the Forum Selection Clause.

"For a contractual clause to prevent a party from exercising its right to removal, the clause must give a clear and unequivocal waiver of that right." *City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501 (5th Cir.2004). There are three ways in which a party may clearly and unequivocally waive its removal rights: "[1] by explicitly stating that it is doing so, [2] by allowing the other party the right to choose venue, or [3] by establishing an exclusive venue within the contract." *Ensco Intern., Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 443-444 (5th Cir.2009).

Here, the Forum Selection Clause states that "[a]ny controversy or dispute <u>arising out of or relating to</u>" the Agreement "shall be resolved exclusively in a Court of competent jurisdiction in the Parish of St. Landry, State of Louisiana." In *Argyll Equities, L.L.C. v. Paolino*, 211 Fed.Appx. 317 (5th Cir.2006) (unpublished), the Fifth Circuit affirmed the district court's determination that a forum selection clause with language similar to the clause in this case was mandatory and required that the case be remanded to the designated state court. In *Paolino*, the forum selection clause included the language, "consents to the

---

[1] Plaintiffs state a cause of action for "[f]ear, fright and concern for his family members residing on the property at the time of the derailment." *R. 1-1, ¶ M.*

3.

exclusive jurisdiction of the courts sitting in Kendall County, Texas, United States of America, as well as to the jurisdiction of all courts from which an appeal may be taken from the aforesaid courts." *Id.* at 2. The court noted that "[a] number of courts addressing forum selection clauses designating venue in a particular county have ruled that the clause specified only state district court or, where venue is specified in a county that has no federal court, have held that the clause cannot reasonably be interpreted to permit suit in a federal court located in a different county." *Id.* at 4, citing e.g., *First Nat'l of N. Am., LLC v. Peavy*, 2002 WL 449582 (N.D.Tex. March 21, 2002) (forum selection clause providing "all claims shall be litigated only in Collin County, Texas" was a mandatory clause requiring venue in state court in Collin County because there is no federal district court located in Collin County); *Greenville Elec. Util. Sys. v. N. Pac. Group, Inc.*, 2001 WL 804521 (N.D.Tex. July 6, 2001)(finding that clause providing "venue for any litigation arising from this contract shall lie in Greenville, Hunt County, Texas" precluded removal to federal court because there is no federal courthouse in Greenville).[2] The court stated, "[w]hen there is no federal district court located in or 'sitting in' the county, as in this case, this Court agrees with those cases concluding that venue is limited to the state district courts actually located in the county." *Id.*

Union Pacific removed this action from the state court in St. Landry Parish to Federal Court located in Lafayette Parish because there is no federal district court located in St.

---

[2] The *Paolino* court also cited a number of decisions from other circuits with identical holdings: *Excell, Inc. v. Sterling Boiler & Mech.*, 106 F.3d 318 (10th Cir.1997); *Milk 'n' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir.1992); *Docksider, Ltd. v. Sea Tech.*, 875 F.2d 762, 764 (9th Cir.1989); *Sompo Japan Ins., Inc. v. Alarm Detection Sys., Inc.*, 2003 WL 21877615 (N.D.Ill. Aug.6, 2003); *Relm Wireless Corp. v. C.P. Allstar Corp.*, 265 F.Supp.2d 523 (E.D.Pa.2003); *Navickas v. Aircenter, Inc.*, 2003 WL 21212747; *Infinite Tech. v. Rockwell Elec. Commerce Corp.*, 2001 WL 527357 (N.D.Ill. May 16, 2001); *N. Am. Air Force v. Rose*, 2001 WL 1155078 (N.D.Cal.2001); *Double A Home Care, Inc. v. Epsilon Sys., Inc.*, 15 F.Supp.2d 1114, 1116 (D.Kan.1998); *Intermountain Sys., Inc. v. Edsall*, 575 F.Supp. 1195, 1198 (D.Colo.1983).

Landry Parish. The Court concludes that the plain language of the forum selection clause unambiguously limits the forum to courts sitting in St. Landry Parish. Because this Court is not a court in St. Landry Parish, venue is not properly laid here. Rather, venue with regard to Plaintiffs' claims against Union Pacific is proper only in the state court in St. Landry Parish, Louisiana pursuant to the Forum Selection Clause. *See, Paolino*, 211 Fed.Appx. at 2.

Accordingly,

**IT IS ORDERED** that plaintiffs' Motion To Remand [Rec. Doc. 12] is **GRANTED** and the Clerk of Court is to remand this action to the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana.

Thus done and signed this 17th day of November, 2014 at Lafayette, Louisiana.

RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE